COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:    David Ignacio Cristan v. The State of Texas

Appellate case number:    01-21-00647-CR

Trial court case number:    19-CR-2275

Trial court:    56th District Court of Galveston County

On May 27, 2022, Appellant David Ignacio Cristan's court-appointed counsel, Joel H. Bennett ("Bennett"), filed a brief concluding that the above-referenced appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744 (1967).

In his brief, Bennett quoted a letter he sent to Appellant that contains some, but not all, of the items required by *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014). Counsel's letter does not certify, in accordance with *Kelly*, that he notified Appellant that "should he wish to exercise his right to review the appellate record in preparing to file a response to the *Anders* brief, he should immediately file a motion for *pro se* access to the appellate record with the applicable court of appeals." *See id.* Also, counsel's letter does not state it included "a form motion . . . lacking only the appellant's signature and the date, . . . inform[ing] the appellant that, in order to effectuate his right to review the appellate record *pro se*, should he choose to invoke it, he must sign and date the motion and send it on to the court of appeals within ten days of the date of the letter from appellate counsel." *See id.* at 319–20.

We order Bennett to send a letter and a form motion to Appellant in accordance with *Kelly* and to notify this Court in writing, within 14 days of the date of this order, that he complied with our Order by informing Appellant he has a right to request the appellate record and supplying him with a form motion for *pro se* access to the appellate record. *See id.* at 320.

Separately, when court-appointed counsel believes an appeal is frivolous, counsel must request permission to withdraw from representation. *See Anders*, 386 U.S. at 744. An *Anders* brief must accompany a motion to withdraw; neither the brief nor the motion to withdraw may be filed on its own. *See id.*; *In re Schulman*, 252 S.W.3d 403, 406–08 (Tex. Crim. App. 2008).

Bennett did not file a motion to withdraw from representation. We order Bennett to file with the Clerk of this Court within 10 days of the date of this order a motion to withdraw compliant with Texas Rules of Appellate Procedure 6.5 and 9. *See* TEX. R. APP. P. 6.5, 9; *Schulman*, 252 S.W.3d at 410, 412.

It is so ORDERED.


Judge's signature: <u>/s/ Veronica Rivas-Molloy</u>
                            Acting individually


Date:  <u>June 7, 2022</u>